UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21342-BLOOM/Elfenbein

SHELDON J. BURNETT,

    Plaintiff,

v.

JONATHAN M. DAVIDOFF,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Jonathan M. Davidoff's ("Davidoff") Motion to Dismiss ("Motion"), ECF No. [9]. Plaintiff Sheldon J. Burnett ("Burnett") filed a Response in Opposition, ("Response"), ECF No. [10], to which Defendant filed a Reply, ECF No. [11]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.   BACKGROUND**

On January 8, 2025, Damas Equipment, Inc. ("Damas"), initiated suit against Burnett, his company AAG International, Inc. ("AAG"), and two other Defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2024-013654-CA-01 ("Florida Action"). ECF No. [1] at ¶ 5; ECF No. [1-4]. Davidoff represented Damas in the Florida Action. ECF No. [1] at ¶ 5. The Florida Action involved two issues: (1) whether there was a breach of an underlying sales agreement, and (2) whether a subsequent release agreement released the defendants from liability. *Id.* at ¶¶ 8-13, 16. In the Florida Action, Davidoff submitted discovery to Brazilian Commercial Trading & Logistics, Bank of America Corporation ("Bank of America"), Dawson & Associates,

Case No. 25-cv-21342-BLOOM/Elfenbein

Deniz Cevik ("Cevik"), DropBox Online, Inc., EPGD Attorney's at Law, and GoDaddy.com LLC ("GoDaddy"). *Id.* at ¶ 18.

As to GoDaddy, Davidoff issued a subpoena seeking ten categories of information, including:

1. Any and all records, including but not limited to IP Addresses, login names, email accounts, etc. that related to any usage of any domain names, websites and/or email accounts operated, issued, sold, hosted, and/or maintained by You that was obtained and/or used by AAG, AAGI, SAJ, IS, JD Trading Corp. and/or Burnett.
2. Any and all documents relating to any of the following email accounts: sheldon@lynxfitness.com, sheldon@wolfrunfinancial.com, customerservice@tsaship.com, sheldon@aaginc.net, info@tutto.digital, or any email address with the address "@tsaship.com", and/or "@aaginc.net".
3. Any and all documents relating to any domain names, websites, and/or email accounts registered by, used by, hosted for, issued to, or maintained or held in the name of AAG, AAGI, SAJ, IS, JD Trading Corp. and/or Burnett.

*Id.* at ¶ 20. As to Bank of America, Davidoff issued a subpoena seeking fourteen categories of documents, including:

1. Any and all communications and documents, including but not limited to all bank statements, checks issued and/or received in the account(s), wires sent and/or received in the account(s), wire requests, withdrawals, deposits, signature cards, and/or other any other materials relating to any account held at Bank of America in the name of AAG Procurement Services LLC
2. Any and all communications and documents relating to any and all check cards issued for Account Nos. 898118450217 and/or 898118538508, including but not limited to card number XXXX XXXX XXXX 9067
3. Any and all communications and documents, including but not limited to all bank statements, checks issued and/or received in the account(s), wires sent and/or received in the account(s), wire requests, withdrawals, deposits, signature cards, and/or other any other materials relating to transactions from Account Nos. 898118450217 and/or 898118538508 to "Veronika Christenson" including confirmation # 1364030918 on ?May 9, 2023 in the amount of $5000.00.
4. Any and all communications and documents, including but not limited to all bank statements, checks issued and/or received in the account(s), wires sent and/or received in the account(s), wire requests, withdrawals, deposits, signature cards, and/or other any other materials relating to transactions from Account Nos. 898118450217 and/or 898118538508 to "Raul Andres"

Case No. 25-cv-21342-BLOOM/Elfenbein

including transaction numbers: 2023030600034788, 2023050800462923, 2023052400451570, 2023052500470901, and 2023060600256404.

*Id.* at 6. As to Dawson & Associates, Davidoff sought global financial and tax records of all the defendants, including:

1. Any and all communications and documents relating to the formation of AAG, at any time.
2. Any and all documents relating to or concerning: a. AAG; b. AAG Procurement Services LLC; c. Analytics Associates LLC; d. AAG(International) Inc.; e. Sheldon Burnett; f. I S Trading; g. S.A.J. LLC; h. Mateo Gimenez;
3. Copies of all K1s, 1099s, W2s and/or other tax form prepared by You for AAG for the fiscal years 2022, 2023, and 2024, at any time.

*Id.* at 7. As to Cevik, Burnett asserts that Cevik is Burnett's significant other and future wife. *Id.* Davidoff sought the following:

1. Any and all communications between You and any of the Defendants
2. Any and all communications and documents relating to any transactions between You and AAG and/or Sheldon Burnett.
3. Any and all communications between You and any other person relating to the Action.

*Id.* Burnett asserts that because his relationship with Cevik is romantic and sexual in nature, Davidoff's request for production of documents, inclusive of text messages, clearly invades the fundamental and constitutional rights to privacy. *Id.*

Burnett asserts one claim for abuse of process. *Id.* at 8-10. Burnett explains that he and Davidoff have a "spotty history," stating that on one instance Davidoff told Burnett's counsel that, "I think your clients are fraudsters, and I do not think [Burnett] is a good person the least bit. I have seen way to [sic] many criminal and/or heinous acts committed by him." *Id.* at ¶ 29. Further, Burnett claims that the discovery requests have nothing do with the various contracts between Damas and the corporate entities who entered into the sales agreement and refund agreement. *Id.* at ¶ 32.

3

Davidoff moves to dismiss on three grounds: (1) Burnett's claim is barred by the litigation privilege because Davidoff's conduct occurred during the Florida Action; (2) Burnett fails to state an abuse of process claim; and (3) collateral estoppel bars litigation of Burnett's claim as it relates to Cevik because the judge in the Florida Action already ruled on Burnett's objection to discovery of his communications with Cevik. ECF No. [9]. Davidoff proffers several exhibits for support and contends that the Court can review the attached documents because they are central to the case and their authenticity is not challenged. *Id.*

Burnett responds that the Court cannot consider most of the extrinsic evidence because the documents are not central to Burnett's claim. ECF No. [10]. Further, Burnett asserts that the litigation privilege does not apply, and his abuse of process claim is properly pled because the scope of discovery sought by Davidoff was improper, illegal, and used for coercive purposes. *Id.* Burnett also contends that collateral estoppel is not applicable because, while issues relating to discovery were litigated in the Florida Action, Burnett's abuse of process claim was not. *Id.* Davidoff replies that, despite Burnett's contention, there is ample case law that the litigation privilege warrants dismissal as the actions were taken within the judicial proceedings and related to those judicial proceedings. ECF No. [11].

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than

4

merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### B. Abuse of Process

To state an abuse of process claim, a plaintiff must allege that, "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001) (citing *Thomas McKinnon Sec., Inc. v. Light*, 534 So. 2d 757, 760 (Fla. 3d DCA 1988)). "[A]n abuse of process claim . . . requires more than the issuance of process for an improper motive." *Wendel v. Int'l Real Estate. News, LLC*, CASE NO. 19-21658-Civ-WILLIAMS/TORRES, 2019 WL 6218660, at *2 (S.D. Fla. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6218646. Indeed, "[f]or the cause of action to exist, there must be a use of the process for an immediate purpose other than that for which it was designed." *Scorazi v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989). "There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or

ulterior purpose." *Id.*; *see also In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1346 (11th Cir. 2017) ("The fact that a party may be motivated by incidental or concurrent benefits of the use of process is not sufficient to constitute an abuse."). Similarly, "[u]lterior motive alone is insufficient; there is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action in the complaint." *Wendel*, 2019 WL 6218660, at *2 (quoting *McMurray v. U-Haul Co., Inc.*, 425 So. 2d 1208, 1209 n.1 (Fla. 4th DCA 1983)).

### III. DISCUSSION

#### A. Litigation Privilege

Under Florida law, the litigation privilege provides an absolute immunity on all acts that occur during the proceeding if the act is related to the proceeding. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior[,] so long as the act has some relation to the legal proceeding."). The litigation privilege "may be considered in resolving a motion to dismiss when '"the complaint affirmatively and clearly shows the conclusive applicability" of the defense to bar the action.'" *Jackson*, 374 F.3d at 1277 (quoting *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988)). Further, the litigation privilege applies to actions for abuse of process and extends to actions taken by counsel. *Svistina v. Elbadramany*, Case No. 22-cv-20525-BLOOM/Otazo-Reyes, 2023 WL 34642, at *6 (S.D. Fla. Jan. 4, 2023); *Levin*, 639 So. 2d at 608.

Davidoff argues that the litigation privilege bars Burnett's claim because engaging in discovery is an act related to a judicial proceeding. ECF No. [9]. Further, to the extent Burnett's abuse of process claim challenges Burnett being named personally in the Florida Action, Davidoff

contends the litigation privilege still applies, because "filing [an] action and continuing the action are all part of the judicial proceeding that the litigation privilege protects." *Id.* at 10 (quoting *Wendel*, 2019 WL 6218660, at *3). Burnett responds that the Complaint alleges actions taken outside the judicial proceedings, and the litigation privilege is not an absolute immunity. ECF No. [10].

Burnett challenges Davidoff's reliance on *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292 (11th Cir. 2003). In *Green Leaf Nursery*, the plaintiffs alleged that in the underlying litigation, the defendants "failed to respond to or issued improper responses to discovery, gave untruthful testimony, submitted improper or obstructive motions, committed misconduct during the trial of a case, disobeyed court orders, and took false litigation positions." 341 F.3d at 1302. The Eleventh Circuit, relying on the Florida Supreme Court's decision in *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994), concluded that because the plaintiffs' claims depended on acts with "some relation" to the underlying litigation, Florida law provided an absolute immunity. 341 F.3d at 1302.

Burnett contends that the Florida Supreme Court has since clarified that "the litigation privilege does not eliminate the cause of action for abuse of process and is not an absolute immunity." ECF No. [10] at 6. Rather, "[a] claimant may still pursue a claim for an abuse of process when the claim is based on actions taken outside of a judicial proceeding or on actions that are taken during a judicial proceeding but which are unrelated to the judicial proceeding." *Id.*[1] Burnett argues the discovery Davidoff sought was unrelated to the judicial proceeding because the discovery probed into Burnett's intimate relationship and financial information. *Id.* Further,

---

[1] Burnett represents that this is a quote from *Olson v. Johnson*, 961 So. 2d 356 (Fla. 2d DCA 2007). However, this quote is nowhere to be found in *Olson*, but is instead a quote found in *LatAm Invs., LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 243 (Fla. 3d DCA 2011).

7

Case No. 25-cv-21342-BLOOM/Elfenbein

Burnett asserts that this abuse of discovery was recognized by the judge in the Florida Action, and found to be improper. *Id.* at 7-10.

Burnett's assertion mistakes what matters are "related to" judicial proceedings for purposes of the application of the litigation privilege and fails to point to caselaw to support his claim. Matters not protected by the litigation privilege include, for example, "false accusatorial statements to law enforcement authorities to extort a settlement from the Defendant." *Svistina*, 2023 WL 34642, at *6; *see also Grippa v. Rubin*, 133 F.4th 1186, 1197 (11th Cir. 2025) (concluding that letters sent by the defendant's attorney to encourage government officials to intervene in the underlying litigation were not protected by the litigation privilege because the attorney "step[ped] outside of both the courtroom and the formal discovery process to investigate a claim"). Here, the challenged misconduct clearly related to the Florida Action.

As Davidoff highlights, this case is similar to *Green Leaf Nursery*. There, the plaintiffs challenged the defendant's "improper discovery," and here, the Complaint asserts that Davidoff improperly named Burnett individually in the Florida Action and sought improper discovery. ECF No. [1] at ¶¶ 26, 31; *Green Leaf Nursery*, 341 F.3d at 1302. Although the Complaint alleges that Davidoff "has a deep disdain" for Burnett, the Complaint fails to allege any misconduct extrinsic to the Florida Action. *See* ECF No. [1] at ¶¶ 28-29, 31. Indeed, as alleged, Burnett's "claims in this case depend on acts with 'some relation' to the [u]nderlying [l]itigation." *Green Leaf Nursery*, F.3d at 1302-03; *see, e.g.*, *Williams v. Carney*, 157 F. App'x 103, 107-08 (11th Cir. 2005) (concluding state law tort claims based on an attorney's conduct at a deposition and subsequent hearing on a motion to compel were barred by the litigation privilege); *Suchite v. Kleppin*, No. 10–21166–CIV., 2011 WL 1814665, at *3 (S.D. Fla. Apr. 29, 2011) (concluding that a counterclaim asserting that the "action was filed for improper reasons, that Plaintiffs have attempted to misuse

8

discovery[,] and that Plaintiffs filed motions for sanctions out of personal animus" was barred by the litigation privilege because the defendants failed to "allege[] any tortious actions . . . outside the context of a judicial proceeding"). Accordingly, the Motion is granted.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Davidoff's Motion**, ECF No. [9]**, is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 28, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record